UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| REX GARD,<br><br>               Petitioner,<br><br>  vs.<br><br>BRENT FLUKE, WARDEN,<br><br>           Respondent. | 4:20-CV-04062-LLP<br><br>ORDER DENYING MOTION FOR<br>RECONSIDERATION |

Petitioner, Rex Gard, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Because Gard's petition challenged his conditions of confinement, this Court granted Gard leave to file his claims under 42 U.S.C. § 1983. Doc. 4. Gard then moved to withdraw his § 2241 petition and informed the Court that he was "not pursuing a § 1983 action at this time." Doc. 5. The Court granted his motion as it pertained to the withdrawal of his petition. Doc. 6. The Court dismissed Gard's petition and entered judgment in favor of respondent and against petitioner. Docs. 6, 7. Now, Gard moves for reconsideration of the Court's entry of judgment. Doc. 8. Gard contends that had he "been allowed to brief his filing, he would have proven that he had standing as an unconstitutional sentence, and his petition was properly filed as a 2241 habeas petition." Id.

The Court liberally construes Gard's motion for reconsideration as a motion to amend post-judgment. "Although a pretrial motion for leave to amend one's complaint is to be liberally granted, different considerations apply to motions filed after dismissal." Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993). "[I]nterests of finality dictate that leave to amend should be less freely available after a final order has been entered." United States ex rel. Roop v. Hypoguard USA, Inc., 559 F.3d 818, 823 (8th Cir. 2009); see Niagara of Wis.

Paper Corp. v. Paper Indus. Union-Mgmt. Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986) (motions for leave to amend made post-judgment are not liberally granted and are reviewed for abuse of discretion). A motion for leave to amend after judgment has been entered will not be granted unless the motion "is consistent with the stringent standards governing the grant of Rule 59(e) and Rule 60(b) relief." United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 743 (8th Cir. 2014). "Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.' " Ryan v. Ryan, 889 F.3d 499, 507 (8th Cir. 2018) (quoting United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006)). Rule 60(b)'s relief is even narrower, requiring the moving party to show " 'exceptional circumstances' warranting 'extraordinary relief.' " Mask of Ka-Nefer-Nefer, 752 F.3d at 743 (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)).

Although Gard fails to address either Rule 59(e) or Rule 60(b) in his motion to amend, the Court will do so here. As stated above, motions under Rule 59(e) "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quotations omitted). Gard's original petition challenged the conditions of confinement during the COVID-19 pandemic. Doc. 1. Now, Gard moves to amend his petition to raise arguments regarding his "unconstitutional sentence." Doc. 8. Prior to entry of judgment, Gard had the opportunity raise arguments regarding his sentence because, before entering judgment, the Court informed Gard that a § 2241 petition was not the proper remedy for the facts and arguments

contained in his original petition. Doc. 4. However, Gard did not move to amend his petition at that time.

"Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." Atkinson v. Prudential Prop. Co., 43 F.3d 367, 371 (8th Cir. 1994) (citation and internal quotation marks omitted). A motion made pursuant to Rule 60(b) is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993). No such circumstances are present here. Gard had the opportunity to move to amend his petition after the Court's order construing his § 2241 petition as § 1983 complaint, but instead, he moved to withdraw petition. Doc. 5; see Horras v. Am. Cap. Strategies, Ltd., 729 F.3d 798, 804 (8th Cir. 2013) ("Unexcused delay is sufficient to justify the court's denial . . . if the party is seeking to amend the pleadings after the court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so.").

Gard has failed to demonstrate that he is entitled to relief under Rule 59(e) and Rule 60(b) relief. Accordingly, it is

ORDERED that Gard's motion for reconsideration, Doc. 8, is denied.

DATED December 17, 2020.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK